BRUNOT, Justice.
 

 On the relator’s application, a writ of ceitiorari, coupled with a stay order, was issued by this court, and, in response thereto, the district judge has filed his return, and the matter is now before us for review.
 

 The plaintiff sued the defendant, in the sixth ward justice of the peace court, of Livingston parish, for $98, past-due rent of certain premises, with interest thereon at the rate of 8 per cent, per annum from’January 1, 1931, and costs, and had the following property provisionally seized, as being subject to the lessor’s lien, viz.: 110 rows of beans, 22 rows of peppers, one berry crop, ten chickens and biddies, one brown cow, and two hdifers.
 

 From the record, it appears that the cow and two heifers were released from the seizure on a forthcoming bond, prior to the trial of the case in the justice court. The trial in that court resulted in a judgment in favor of the plaintiff for the sum claimed, with legal interest thereon from judicial demand, maintaining the lessor’s lien on all of the property seized, except the cow and two heifers, ordering' said property sold to satisfy the judgment, and taxing the defendant with the costs of court. The plaintiff alone appealed ’from the judgment.
 

 We will note here that a justice of the peace court is not a court of record, and an
 
 *706
 
 appeal from that court is tried de novo in the district court.
 

 After the ease was tried in the district court, the judge of that court amended the judgment appealed from hy maintaining the seizure as to all of the property provisionally seized, including the cow and two heifers, affirming the judgment in all other respects, and taxing the defendant with the costs of both courts. Thereupon the defendant applied to this court for writs of certiorari and prohibition, with the result stated supra.
 

 The district judge in his return to the writ says:
 

 “This case came before me on appeal rendered by the 6th Ward Justice Court for the Parish of Livingston. Appellant praying to maintain a provisional seizure of certain property issued out of Justice of the Peace Court of the 6th Ward of Livingston Parish. The judgment of the 6th Ward Justice of the Peace was drawn by the attorneys, Burns & Pierson for Martin, appellee, which judgment shows that certain property was released from a provisional seizure and that the property in dispute in my Court had been released. by the Justice of the Peace on the forthcoming bond, previous to the trial in his Court.
 

 “1. That on the trial of this case in the District Court there was no dispute on the fact that the property had been provisionally seized until after the trial. The defense being that the property had not been on the leased premises within the 15 days required before the seizure. Testimony being taken on this point showed to the satisfaction of the Court that the property seized was properly seized on the premises that had been leased by Martin.
 

 “2. To further substantiate the fact that a provisional seizure had been made there was a notice in the records sent up releasing the seizure and also a notice from the Sheriff that the seized property had been released on a forth coming bond, and testimony of the Deputy Sheriff showing that a provisional seizure had been made and that the return on the notice of seizure had been misplaced or lost in his office. The Sheriff having acted as constable for the Justice of the Peace.
 

 • “3. The records and the .proof showed to my satisfaction and beyond any doubt that the provisional seizure had been issued and the property seized in the Justice Court and that the property at the time of the seizure belonged to the defendant, and was situated on the leased premises, and subject to seizure for rent.”
 

 It is clear that relator recognized the seizure; that he had the cow and two heifers released on a forthcoming bond; that his counsel prepared and were evidently satisfied with the judgment rendered in the justice court; and that their first complaint was uttered after the facts presented to the district judge convinced him that the cow and two heifers were seized on the leased premises and were subject to the lessor’s lien and privilege. Relator’s complaint might have had merit if it had been timely asserted, in the proper forum.
 

 There is nothing in the record which indicates error in any statement made in the judge’s return.
 

 
 *708
 
 It is therefore ordered that the writ and stay order issued herein be recalled and vacated and that relator’s application he dismissed, at his cost.